UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHNNY PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:11-cv-1051-TWP-MJD |
| ) | |
| LT. RANDY RATLIFF, TERRY K ) | |
| SNOW, SHERIFF BUD GARY, ) | |
| ) | |
| Defendants. ) | |

**Entry and Notice**

**I.**

This Entry is in response to the Letter of Johnny Parker (Dkt. No. 8). In its Entry issued on September 7, 2011 (Dkt. No. 6), the court referred to the plaintiff having "struck out" for having filed prior frivolous litigation under 28 U.S.C. § 1915(g). The Court referred to the "strikes" as being supplied in the Entry of December 7, 2005, in No. 1:05-cv-1592-RLY-TAB. The anchoring of this list to No. 1:05-cv-1592-RLY-TAB was a scrivener's error, because in fact that itemization is to be found in the Entry issued on February 25, 2002, in No. IP 02-207-C-T/K, and the specific anchoring cases are as follows:

| | | |
|---|---|---|
| *Parker v. Lucas, et al.,* | IP   85-1299-C | September 23, 1985 |
| *Parker v. City of Indianapolis, et al.*, | IP 95-585-C | May 17, 1995 |
| *Parker v. Marion County,* | IP 98-1019-C | August 4, 1998 |

The misidentification of the anchoring case did not prejudice the plaintiff, nor was the court misinformed concerning the plaintiff having accumulated three or more "strikes" within the meaning of 28 U.S.C. § 1915A(b). The lack of prejudice in these circumstances, together with the clarification issued through this Entry and Notice, dictates that the plaintiff's motion to reconsider [Dkt. No. 8] is **DENIED.** *See In re Bartle,* 560 F.3d 724, 730

(7th Cir. 2009) (Rule 61 of the *Federal Rules of Civil Procedure* dictates that error in giving notice to a party is to be disregarded if it does not affect a party's substantive rights).

It is noted that here is a fourth strike, acquired on May 18, 2009, in *Parker v. Snow*, 1:09-cv-599-WTL-JMS, which prevents the court from granting the plaintiff any relief from the summary dismissal of the action based on application of the rule announced in *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999)("An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that §1915(g) applies to a particular litigant will lead to immediate termination of the suit.").

## II.

The plaintiff's post-judgment filing also contains his request for information and advice as to what steps he could take to pursue his claims. Title 28 U.S.C. ' 1915(g) reads as follows:

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury".

The barrier posted by 28 U.S.C. ' 1915(g) is one only to proceeding without prepaying the filing fee. Plaintiff should review this statute and the facts alleged to determine whether he may proceed with filing a claim.

**IT IS SO ORDERED.**

Date: 10/17/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Johnny Parker
# 220692
Marion County Jail
40 South Alabama Street
Indianapolis, IN 46204